**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen F. Scotto, | No. CV17-2838-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Gorilla Ladder Company, a Minnesota corporation also known as Gorilla Ladders, et al., | |
| Defendants. | |

This case has a troubling history. The parties repeatedly have disregarded Court orders, and the Court has concluded that action is required.

**A.    Case History.**

This case was removed to federal court on August 23, 2017. Doc. 1. The Court set a case management conference for October 3, 2017, and required the parties to file a Rule 26(f) report. Doc. 7. The report proposed a schedule that included Plaintiff's expert disclosures on January 12, 2018, defense expert disclosures on March 30, 2018, and rebuttal expert disclosures on May 14, 2018. Doc. 17 at 2. The Court's Case Management Order adopted this schedule. *See* Doc. 19 at 2.

The order imposed some additional specific requirements. It provided this direction on the content of expert reports:

> As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the

> testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.

*Id.* at 3. The Case Management Order also stated that "The Deadlines Are Real," and advised the parties "that the Court intends to enforce the deadlines." *Id*. at 5.

Plaintiff did not make expert disclosures on January 12, 2018, but instead sought an extension to February 7, 2018. Doc. 26. The Court granted the extension and set the deadline for Plaintiff's expert disclosures on February 7, 2018, and for defense expert disclosures on April 25, 2018. Doc. 28. The Court specifically stated that it was "not inclined to grant further extensions to the deadlines contained in the Case Management Order absent truly extraordinary circumstances." *Id*.

Rather than file expert reports on February 7, 2018, Plaintiff sought a two-month extension to April 7, 2018. Doc. 30. Plaintiff's motion stated that "destructive testing" of the ladder in question may be necessary. *Id*. at 2. The motion explained that Plaintiff's counsel had been advised of the need for destructive testing on January 26, 2018. *Id*. at 5. The motion attached an expert affidavit stating that destructive testing likely was necessary. Doc. 30-1 at 5.

Defendants never responded to the motion, and never sought an extension of their expert disclosure deadline of April 25, 2018. The Court granted the extension, and Plaintiff served his expert report on April 6, 2018. *See* Doc. 55-1.

Defendants did not comply with their April 25, 2018 expert disclosure deadline, and never sought an extension. Indeed, when the parties exchanged motion for summary judgment letters in June 2018 – after the close of all discovery in this case – Defendants still had not produced an expert report. During a telephone conference with the Court on July 11, 2018, the parties advised the Court that Defendants' expert report was served on July 3, 2018, more than two months after the Court's deadline. Doc. 49.

Rather than imposing sanctions at that time, the Court set a schedule to get this case through summary judgment. The Court ordered that Plaintiff serve a rebuttal expert

report by July 27, 2018, and set a deadline for Defendants' motion for summary judgment of August 10, 2018. *Id.*

The parties disregarded these dates. Plaintiff's expert disclosure was not made until August 20, 2018. Doc. 55 at 3. No extension for of the report deadline was sought from the Court, and the report stated that it was "preliminary," despite the Case Management Order's specific requirement that expert disclosures be full and complete. Doc. 19 at 3.

Defendants disregarded the August 10, 2018 deadline for their summary judgment motion, filing it more than a month late on September 14, 2018. Doc. 52. No extension was sought.

During a conference call today, Plaintiff sought additional time for his expert to conduct destructive testing on the ladder in question. Plaintiff complained about Defendants' refusal to cooperate in ladder testing during the past month or two, despite the fact that discovery has been closed for months.

To summarize, Defendants ignored the Court's April 25, 2018 expert disclosure deadline and the Court's August 10, 2018 summary judgment deadline. Plaintiff ignored the Court's June 27, 2018 deadline for rebuttal expert disclosures, and disregarded the Court's admonition that full and complete disclosures are required. Plaintiff also disclosed a second ladder expert, even though the Case Management Order states that "[e]ach side shall be limited to one retained or specifically employed expert witness per issue." Doc. 19 at 3. The parties have blatantly disregarded repeated orders.

**B. Analysis.**

Deadlines established in a case management order may "be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 602, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Comm. Notes (1983). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."

*Johnson*, 975 F.2d at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, good cause has not been shown and the inquiry ends. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

Plaintiff's request for additional time to allow destructive testing by his expert will be denied. Plaintiff raised the prospect of destructive testing in early February, noting that his expert had advised him of this need on January 26, 2018. *See* Doc. 30 at 5. In response, the Court granted Plaintiff a *second* extension of his expert disclosure deadline, affording him two additional months to complete his expert report. Any needed testing could have been performed within this period through reasonable diligence. Plaintiff has not shown good cause to extend the deadlines for completion of expert disclosures and discovery in this case. The Court will not allow destructive testing. Nor will the Court allow Plaintiff to use a second expert on the ladder's defects. *See* Doc. 19 at 3.[1]

Defendants' motion for summary judgment is untimely. Defendants produced a letter on June 5, 2018, outlining the arguments that would be made in the summary judgment motion. *See* Doc. 44. The parties discussed the summary judgment motion during a conference call with the Court on July 11, 2018. Doc. 49. The Court extended the deadline for the summary judgment motion until August 10, 2018. *Id*. Defendants failed to comply with this deadline. The deadline could have been met through reasonable diligence, and the Court will not extend it further. Defendants' untimely motion for summary judgment will be denied.

During a conference call today, the Court advised the parties of these rulings and set a trial date of February 5, 2019. The Court will afford each side 8 hours of trial time, not counting jury selection. A final pretrial conference will be held on January 25, 2019, at 3:00 p.m. A separate order will be issued regarding the requirements for the final

---

[1] During today's conference call with the parties, defense counsel stated on the record that Defendants will not argue at trial that Plaintiff's expert should have engaged in destructive testing of the ladder. The Court will hold Defendants to this position, which also obviates the need for Plaintiff to conduct destructive testing.

pretrial conference. The parties will be limited at trial to the expert reports disclosed on April 25, 2018, and July 3, 2018. Discovery is closed. No further discovery will be permitted.

**IT IS ORDERED**:

1. Defendants' motion for summary judgment (Doc. 52) is **denied** as untimely.

2. A final pretrial conference is set for **January 25, 2019, at 3:00 p.m.**

3. Trial in this matter shall commence on **February 5, 2019**.

4. The Court will enter a separate order regarding the final pretrial conference.

Dated this 6th day of November, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge