**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen F. Scotto,<br><br>    Plaintiff,<br><br>v.<br><br>Gorilla Ladder Company, a Minnesota corporation also known as Gorilla Ladders, et al.,<br><br>    Defendants. | No. CV17-2838 PHX DGC<br><br>**ORDER** |

Plaintiff has filed a motion for a new trial pursuant to Rule 59(a), Defendants have responded, and Plaintiff has not replied. Docs. 93, 95. Oral argument is not necessary as these issues have been addressed before. *See also* Fed. R. Civ. P. 78(b); L.R. Civ 7.2(f). The Court will deny Plaintiff's motion.

During trial, the Court allowed each side to call an expert on ladder design and testing. Plaintiff argues that the Court erred in not allowing him to call an additional rebuttal expert on this subject. Doc. 93.

This issue was addressed thoroughly in a five-page order entered by the Court on November 6, 2018. *See* Doc. 62. The Court will not repeat that order here, but this paragraph from the order summarizes the situation presented by the parties' actions:

> Defendants ignored the Court's April 25, 2018 expert disclosure deadline and the Court's August 10, 2018 summary judgment deadline. Plaintiff ignored the Court's [July] 27, 2018 deadline for rebuttal expert disclosures, and disregarded the Court's admonition that full and complete disclosures

are required. Plaintiff also disclosed a second ladder expert, even though the Case Management Order states that "[e]ach side shall be limited to one retained or specifically employed expert witness per issue." Doc. 19 at 3. The parties have blatantly disregarded repeated orders.

*Id.* at 3. This situation arose after the Court had twice extended the deadline for Plaintiff's expert disclosures. *Id.* at 2. The Court also found that Plaintiff had ample opportunity to conduct destructive testing of the ladder but failed to do so. *Id.* at 1-4.

To remedy the situation presented by the parties' mutual recalcitrance, the Court stated during an on-the-record conference call on November 6, 2018, that it was inclined to deny Defendants' summary judgment motion summarily and preclude Plaintiff's untimely and incomplete rebuttal expert from testifying. Further, in response to the Court's inquiry, Defendants represented that they would not argue at trial that Plaintiff's expert should have engaged in destructive testing of the ladder. *Id.* at 4 n. 1. When the Court suggested this resolution, Plaintiff's counsel said: "I think the Court's ruling makes sense and puts us with one expert per side. I think that's fair. As long as they're not allowed to make the argument that you needed to [do] destructive testing on this ladder in order to submit admissible opinions." Court's Livenote Transcript, 11/6/18 at 51. Thus, Plaintiff's counsel expressly agreed on the record that preclusion of his rebuttal expert, combined with a prompt denial of Defendants' summary judgment motion, was a fair resolution of the situation created by the parties' repeated disregard of the Court's orders. Plaintiff now argues that such preclusion was error sufficient to warrant a new trial. Doc. 93.

Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," the Court is bound by historically recognized grounds. *Zhang v. Am. Gem. Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). These include verdicts against the weight of the evidence, damages that are excessive, and trials that were not fair to the moving party. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000). The only potentially applicable ground in this case – that the trial was not fair to

Plaintiff – does not exist. Plaintiff's rebuttal expert was precluded because her report was untimely, incomplete, and violated the case management order's limitation of one expert per issue per side. And this preclusion was balanced by the Court's summary denial of Defendants' motion for summary judgment and by the limitation placed on arguments Defendants could make at trial. Plaintiff's counsel agreed on the record that this action was fair, and the Court continues to hold that view today. Plaintiff was allowed to present a retained ladder expert at trial, and the jury considered the opinions of that expert in reaching a defense verdict.

**IT IS ORDERED** that Plaintiff's motion for a new trial (Doc. 93) is **denied**.

Dated this 18th day of April, 2019.

David G. Campbell
Senior United States District Judge